IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JASON FENNELLY | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-12-024 |
| | § | |
| TEXAS FARMERS INSURANCE CO. | § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties, is the Motion for Summary Judgment of Defendant, Texas Farmers Insurance Company (Farmers); the Motion seeks the dismissal of the Original Complaint of Plaintiff, Jason Fennelly, because the Proof of Loss (POL) in suit, Fennelly's third, was not filed within the time period authorized by FEMA. Fennelly does not dispute his tardy submission of his last POL, instead, he claims the untimeliness of it was waived by FEMA and summary judgment is, as a consequence, precluded. Having now considered the Parties' submissions and the applicable law, the Court issues this Opinion and Order.

A brief recitation of the relevant facts is in order. Following flood damage to his property caused by Hurricane Ike, Fennelly submitted two timely POLs to Farmers, his WYO insurer under a Standard Flood Insurance Policy (SFIP) issued through the National Flood Insurance Program. In response, Farmers paid Fennelly about $78,000.000. On August 9, 2009, the FEMA-extended deadline for filing a POL expired. On January 11, 2011, Fennelly filed his third POL for about $112,000.00 more in benefits. Farmers

adjusted this claim and approved it in the amount of only about $7,000.000. On January 20, 2011, the adjuster's supplemental report was sent to FEMA with a waiver request. On January 21, 2011, FEMA approved a waiver for the amount of the loss and scope of the damages outlined in the adjuster's report. On January 25, 2011, Farmers sent Fennelly a letter informing him that it had approved the $7,000.00 supplemental amount, had rejected the remaining $105,000.00 of his claim and was "reserving all rights and defenses under the policy"; the supplemental settlement check was enclosed. On March 15, 2011, Fennelly demanded an appraisal of the remainder of his claim, but Farmers denied his request on March 22, 2011, because, in its opinion, its disagreement with the scope of damages claimed by Fennelly made an appraisal inappropriate. On January 24, 2012, Fennelly sued Farmers in an effort to recover the remainder of his POL under the policy.

The sole, dispositive issue in this case is whether, as Fennelly argues, FEMA expressly waived *any* challenge to the entirety of his third POL or whether FEMA's waiver was, as Farmers argues, limited to only the $7,000.00 portion of the POL approved by Farmers's adjuster. This Court agrees with Farmers.

Initially, the Court notes that it is beyond question that, absent a waiver by FEMA, a POL must be timely filed or else no benefits are recoverable. Marseilles Homeowners Condominium Association, Inc. v. Fidelity National Insurance Co., 542 F.3d 1053, (5th Cir. 2008)  It is also irrefutable that only FEMA's Federal Insurance Administrator under the National Flood Insurance Program can waive any provision of the SFIP. Gowland v.

2

Aetna, 143 F.3d 951, 953 (5th Cir. 1998); Farmers, therefore, could not do so. In the instant case, the Administrator's waiver, in pertinent part, reads as follows:

> Based on the information you submitted, your request for a waiver of the 60-day Proof of Loss policy provision is approved. This limited waiver is for only the amount of the loss and scope of the damages outlined in this request and otherwise does not waive the Proof of Loss or any other requirement of the Standard Flood Insurance Policy and makes no other comment because of a lack of information.

The Court concedes that the waiver could have been more artfully drafted or, as suggested in the adjuster's email of February 8, 2011, a replacement POL could have been prepared for Fennelly's signature, a procedure FEMA does utilize, but had apparently already disregarded in this case. Nevertheless, when considered in conjunction with the adjuster's supplemental report it is clear that the waiver was limited to the $7,000.00 recommendation of the adjuster and that FEMA, and Farmers, reserved the right to otherwise rely upon a limitation defense. In fact, the SFIP expressly provides that Farmers, acting in its capacity as fiscal agent of the United States, had the option to "accept the adjuster's report of loss instead of (Fennelly's) proof of loss." (SFIP, Section VIII, J,9)

Insofar as Fennelly may urge that the POL provision for timely submission was completely waived by reliance on, for example, Farmers's continued investigation of his claim or the invitation that he seek reconsideration through an appeal, his argument would fail. The mere fact that an insurer continues to evaluate an otherwise untimely claim will not, alone, constitute a waiver of that defect. See e.g., Jamal v. Travelers Lloyds of Texas

Insurance Co., 131 F.Supp. 2d 910, 917-18 (S.D. Tex. 2001) (Insurer's negotiation and partial payment of insured's untimely POL does not constitute an express, written waiver by the Administrator.)

For the foregoing reasons, the Court **FINDS** that Fennelly's claim for additional insurance proceeds pursuant to his third POL is time-barred and it is, therefore, **ORDERED** that Farmers' Motion for Summary Judgment (Instrument no. 18) is **GRANTED** and the Original Complaint of Plaintiff, Jason Fennelly, is **DISMISSED in its entirety, with prejudice**.

It is further **ORDERED** that all other Motions currently pending in this case are **DENIED as moot**.

**DONE** at Galveston, Texas, this ___7th___ day of January, 2015.

_____
John R. Froeschner
United States Magistrate Judge